UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KENNETH JOHN FRASER #221195,

Plaintiff,

v.

GRETCHEN WHITMER, et al.,

Defendants.
______________________________/

Case No. 2:26-cv-00141

Hon. Robert J. Jonker
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I. Introduction**

*Pro se* Plaintiff state prisoner Kenneth John Fraser filed this lawsuit against Defendants Michigan Governor Gretchen Whitmer and Attorney General Dana Nessel. ECF No. 1.

Plaintiff alleges that the State of Michigan has violated the Fifth Amendment by failing to ensure that criminal defendants are indicted by a grand jury. He seeks an order nullifying his felony convictions and demands an indictment by a grand jury. He seeks fees and costs, one million dollars in damages, and the appointment of an ACLU attorney. *Id.*, PageID.9.

On June 17, 2026, Plaintiff was granted *in forma pauperis* status. ECF No. 4.

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III. Analysis**

Plaintiff argues that the Supreme Court decision in *Ramos v. Louisiana*, 590 U.S. 83 (2020) imposed new due process requirements for enforcing the Bill of Rights. He alleges that *Ramos* provides the basis for requiring states like Michigan to comply

with the Fifth Amendment Grand Jury requirement. In *Ramos*, the Supreme Court held that the Sixth Amendment right to a jury trial – applicable to the States under the Fourteenth Amendment – requires a unanimous verdict to convict a defendant of a serious offense. In doing so, the Supreme Court found that "[t]here can be no question either that the Sixth Amendment's unanimity requirement applies to the state and federal criminal trials equally." *Id.* at 93.

The same cannot be said to be true regarding the Fifth Amendment. The holding in *Ramos* does not support Plaintiff's argument because the Fifth Amendment, unlike the Sixth Amendment, was not incorporated by the Fourteenth Amendment to apply to the states.

> [T]he Fifth Amendment Grand Jury Clause, which guarantees indictment by a grand jury in federal prosecutions, U.S. Const. amend. V; *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), was not incorporated by the Fourteenth Amendment to apply to the states. *See Branzburg v. Hayes,* 408 U.S. 665, 687–88 n. 25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California,* 110 U.S. 516, 535, 4 S.Ct. 111, 28 L.Ed. 232 (1884) (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury).

*Williams v. Haviland*, 467 F.3d 527, 531 (6th Cir. 2006).

Even Plaintiff recognizes that the Supreme Court has never held that the Fifth Amendment grand jury requirement applies to the States. ECF No. 1, PageID.2. For this Court to do so, this Court would have to essential overturn "the Supreme Court's repeated assertion that the Grand Jury Clause of the Fifth Amendment does not apply to the states." *Id.* at 532 (collecting cases).

For these reasons, Plaintiff's argument that the Fifth Amendment Grand Jury Clause applies to the states lacks merit.

**IV. Recommendation**

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: July 29, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE