UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH JOHN FRASER,

Plaintiff,

v.

GRETCHEN WHITMER, et al.,

Defendants.
_______________________________/

CASE No. 2:26-CV-141

HON. ROBERT J. JONKER

# ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action (ECF No. 6) and Plaintiff's Objection (ECF No. 7). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends dismissing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge carefully and thoroughly considered the record and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's objections changes the fundamental analysis. As the Magistrate Judge recognized, Plaintiff's basic contention fails on the merits because the Supreme Court has never held that the Fifth Amendment grand jury requirement applies to the States, and the Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S. 83 (2020) does not hold differently. Moreover, to the extent Plaintiff is challenging the fact or duration of his sentence, and requesting release from confinement, the instant proceeding is an improper vehicle. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed for this added reason. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's Complaint must be dismissed.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 6) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

A separate Judgment shall issue.

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Dated: August 18, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE